This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38140**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**ELICIANO MARTINEZ,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel J. Gallegos, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appeals from the district court's order affirming the metropolitan court's sentencing order that convicted Defendant for first offense DWI and careless driving. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. Unpersuaded, we affirm.

**{2}** On appeal to this Court, Defendant contends, as he did in both the metropolitan and district courts, that the officer lacked reasonable suspicion to expand the traffic stop into a DWI investigation. [MIO 1; DS 5; RP 97-101] Our notice proposed to agree with the district court and adopt its memorandum opinion. [CN 2-3] We included a few additional factors that gave rise to reasonable suspicion and listed the following circumstances and authorities that seemed to justify the expansion of the stop: Defendant's bloodshot, watery eyes, and odor of alcohol; Defendant's perceived attempt to disguise alcohol on his breath by immediately drinking from his soda can instead of answering whether he had been drinking alcohol; Defendant's suspicious responses to the officer's questions; the presence of several unopened containers of alcohol in the vehicle; and Defendant's unsafe decision to drive with a tire completely shredded off the rim. [RP 108-12] *See State v. Williamson*, 2000-NMCA-068, ¶¶ 2, 9, 129 N.M. 387, 9 P.3d 70  (holding that a traffic stop was validly expanded to incorporate a DWI investigation where the officer detected an odor of alcohol and noticed that the driver had bloodshot, watery eyes); *State v. Walters*, 1997-NMCA-013, ¶ 26, 123 N.M. 88, 934 P.2d 282 (holding that an officer developed reasonable suspicion to purse a DWI investigation after detecting the odor of alcohol on the driver's breath). [CN 2-3] We instructed Defendant that, to obtain a different outcome, he would need to demonstrate why the district court's memorandum opinion and our analysis were incorrect. [CN 3]

**{3}** Defendant's response to our notice does not contest any of the facts set forth in the notice, but continues to argue that the officer lacked reasonable suspicion to expand the stop based on the totality of the circumstances. [MIO 1] Defendant does not refer us to any new authorities to support his contention, however. "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact"; the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain persuaded that the officer had reasonable suspicion to expand the stop into a DWI investigation.

**{4}** For the reasons set forth in the notice and in this opinion, we affirm Defendant's convictions.

**{5}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**